ISS ACTION, INC., Plaintiff–Appellant,

v.

PORT AUTHORITY OF NEW YORK
and New Jersey and Kevin D. Has-
sett, Defendants–Appellees.

No. 04–6627–CV.

United States Court of Appeals,
Second Circuit.

Dec. 29, 2005.

Stephen R. Sugrue, Coti & Sugrue, New York, N.Y. for Plaintiff–Appellant.

Joan F. Bennett, New York, N.Y. for Defendant–Appellee Port Authority of New York and New Jersey.

Joshua K. Leader, Leader & Berkon LLP, New York, N.Y. for Defendant–Appellee Kevin D. Hassett.

Present: Hon. Dennis JACOBS, Hon. Chester J. STRAUB, and Hon. Rosemary S. POOLER, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

ISS Action ("ISS") claims that Defendant Port Authority of New York and New Jersey ("Port Authority") deprived ISS of a property interest in security access without due process of law. We assume familiarity with the facts, the procedural history, and the issues on appeal. This Court reviews a grant of summary judgment *de novo. Mackey v. Bd. of Educ.*, 386 F.3d 158, 163 (2d Cir.2004).

To claim protections of property under the Fifth and Fourteenth Amendments, a plaintiff "must have more than a unilateral expectation.... He must, instead have a

legitimate claim of *entitlement.*" *Bd. of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972) (emphasis added). An interest that can be terminated "at the whim of another person" is not protected by the Due Process clause. *White Plains Towing Corp. v. Patterson,* 991 F.2d 1049, 1062 (2d Cir.1993) (treating at will employment).

Because the Constitution does not create property interests, this Court must look to independent sources of rules and understanding to see if a property interest exists. *See Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 538, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). In this case, the status of ISS's security access is defined by Port Authority regulations. If the Port Authority can unilaterally deny security access, then security access cannot be defined as property protected by the Constitution. *See Walentas v. Lipper,* 862 F.2d 414 (2d Cir.1988) (treating employment).

Port Authority regulations provide management with "the right to rescind ... access ... and confiscate any Airport ID ... for any lawful reason, including but not limited to ... violations of Airport Rules and Regulations." Under these regulations, security access can be suspended at-will, for any lawful reason, where violation of a security rule is *only one of many* reasons possibly leading to access suspensions. Language allowing termination for "any lawful reason" has, in the employment context, previously been classified as an at-will arrangement, incapable of conveying a property interest protected by the Constitution. *See Baron v. Port Authority,* 271 F.3d 81, 89 (2d Cir.2001).

Where an entitlement can be revoked without cause, a plaintiff can only be said to have "unilateral expectations." Such expectations, per *Roth,* are not protected by the Constitution.

For the foregoing reasons, we AFFIRM the judgment of the district court.